UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| ORLANDO GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>BRE SSP PROPERTY OWNER LLC and DOES 1-10,<br><br>Defendant. | Case No.: SACV 21-00558-CJC(DFMx)<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION AND *SUA SPONTE* REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT |

On January 7, 2021, Plaintiff Orlando Garcia filed the instant lawsuit in Orange County Superior Court against Defendant BRE SSP Property Owner LLC and unnamed Does, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 Ex. 1 [Complaint].)

-1-

Defendant subsequently removed the case to this Court based on the federal question posed by Plaintiff's ADA claim. (Dkt. 1 [Notice of Removal].)

On April 11, 2021, Plaintiff amended his Complaint and dropped his ADA claim, the sole federal claim, leaving only state law claims for violations of the Unruh Act and California's Unfair Competition Law. (Dkts. 12–13.) As a result, the Court ordered the parties to show cause as to why the Court should not decline supplemental jurisdiction over the remaining state law claims and remand the case. (Dkt. 14.)

Because Plaintiff filed an amended complaint which eliminated his sole federal claim, "the cause of action on which the Court's [original] jurisdiction rested is now gone." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013). "Under § 1367(c)(3), therefore, the [C]ourt can properly exercise its discretion to remand the supplemental state law claims." *Id.* at 1209–10; 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (stating that the Ninth Circuit does not require "any [] explanation for a district court's reasons when the district court [declines jurisdiction] under [§1367(c)(1–3)]"). In determining whether to remand supplemental state law claims, courts are generally instructed to consider the factors of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). These factors weigh strongly in favor of remand when all federal claims have been dismissed before trial. *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (declining to exercise supplemental jurisdiction and remanding

the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase").  This is especially true for ADA-related state law claims, like the ones at issue here, which have become an outsize portion of this Court's docket following California's implementation of heightened pleading requirements and increased filing fees.[1]  Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction and *sua sponte* **REMANDS** the case to Orange County Superior Court.[2]

DATED:     May 24, 2021

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1] According to statistics gathered by the Central District's Clerk's Office, in 2013, there were 419 ADA cases filed in the Central District, constituting only 3% of the civil actions filed.  Since California's heightened pleading requirements took effect, that number has increased steadily each year.  In 2014, the year before the imposition of the $1,000 filing fee and additional pleading requirements for high-frequency litigants, 928 such cases were filed, comprising 7% of civil cases filed in this district.  By 2016, the first full year the requirements were in effect, the number was up to 1,386, making up 10% of civil cases in this district.  In 2017, the number of cases filed reached 1,670 (12% of civil cases), then 1,670 cases (18% of civil cases) in 2018, 3,595 cases (24% of civil cases) in 2019, and 2,149 cases (an incredible 27% of civil cases) in the first six months of 2020.

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.